Judge Trimble,
delivered the following opinion of the courtThe plaintiff in error alleges there is error in the record and proceedings, because,
1 “ 1st. The writing upon which the action is founded, is erroneously set outin the declaration, as a writing obligatory, containing a promise to pay the sum therein expressed, to the plaintiff.”
The defendant in the action, haying plead a payment without demanding oyer of the writing, it must be taken to be as stated in the declaration ; and the variance, if one really existed, between the declaration,and the writing copied into the record, cannot be assigned as error —See Ralston, &c. vs. Love and Bass— Fenwick vs. McGinnis — Palmer and Casey vs. McGinnis —and McClelland, &c. vs. Strong, decided this term (a).
The declaration here sets forth a writing obligatory, sealed by the party ; and containing, as the declaration alleges, an acknowledgment of a debt, and a promise to pay, which is sufficient.
But even if we could consider the writing, of which oyer has not been requested, as a part of the record, it is sufficiently described, and set out according to its legal effect and operation ; which is all thé law requires.
“ 2dly. Upott the setting aside the writ of inquiry, there is no mention made, or steps taken to set aside the office judgment, upon which, the writ of inquiry had been awarded ; without which step, no plea to the- action could be regularly filed by the defendant.”
The record states, that on the motion of the defendant, the Writ of inquiry was ordered to be set aside ; and thereupon, the defendant pleaded that he had paid the debt in the declaration mentioned ; and he concludes tyith a verification, &c.
Mgrnjon's t»V, *us, 'Harty ante *5°*. ‘ ■
Talbot, for the plaintiff ; Allen, for the defendant.
After these proceedings, the office judgment must be considered as virtiially set aside. The defendant haSi been let in to make a full defence by plea ; so that the tise and object of setting aside the office judgment, has. Been substantially attained. The most that can be said, is, that the record is informal, owing to a mere clerical misprision ; which no way affects the right of the case, or the defence of the defendant. After a full defence, and a verdict of a jury upon the merits, it would be a gross perversion of both law and justice, to reverse the judgment for this informality,
“ 3dly. There is no issue joined by the defendant upon the replication filed by i,he plaintiff to the defendant’s plea.”
To the plea of payment, the plaintiff replies that the defendant hath not paid the debt in the declaration mentioned ; and this, he prays may be inquired of by a jury, fkc. Whereby an issue is fairly tendered.
An issue is made up of an affirmation on the one side, and a negation on the other. Here, the defendant, by his plea, says he hath paid the debt — the plaintiff, by his replication, says he hath, not paid it ; so, that the issue is substantially formed. The adding of the similiter, is but form, and the want of it is helped after verdict— Vide 1 Wash. Rep. 363, Brewer vs. Tarpley —2 Wash. 11, Turberville vs. Self.
The other errors assigned, relate only to the executions ; and therefore, need not he noticed.
Judgment affirmed.

 Ante 501, 505, ⅛2¾.